UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| JACK E. VANCE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:16-012296 |
| ) | |
| v. ) | |
| ) | |
| LLOYD WILLIAM LIGHTNER, SR., ) | |
| ) | |
| Defendant. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on December 19, 2016. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

**1.    State Conviction:**

In April of 2005, Plaintiff was charged by Criminal Complaint with Second Degree Sexual Assault and Third Degree Sexual Assault. (Civil Action No. 1:16-10725, Document No. 8-1, p. 1.) Plaintiff was released on bond pending grand jury proceedings. (Id., p. 2.) Subsequently, Plaintiff was indicted by the grand jury for eighty-seven (87) counts of Third Degree Sexual Assault and two (2) counts of Second Degree Sexual Assault. (Id.) Plaintiff then absconded with the alleged victim to Virginia, which resulted in the filing of federal charges. (Id.) On March 6, 2007, Plaintiff pled guilty to five counts of Third Degree Sexual Assault. (Id.,

pp. 4 – 5.) On August 24, 2007, the Circuit Court sentenced Plaintiff to an indeterminate term of one (1) to five (5) years on each count to run consecutively to each other. (Id., p. 6.) Plaintiff appealed his conviction to the West Virginia Supreme Court asserting the following: (1) "Is a sentencing decision by a trial court appealable based solely upon an abuse of discretion prior to the filing of a motion for reconsideration?"; and (2) "Did the trial court abuse its discretion in this case?" (Id., p. 9.) The West Virginia Supreme Court refused his appeal on June 11, 2008. (Document No. 8-5.)

On February 8, 2012, Plaintiff filed a *habeas* petition with the Circuit Court of Pocahontas County. Vance v. United States, 2014 WL 1513418, *2 (N.D.W.Va. April 16, 2014). Plaintiff's *habeas* petition was denied on March 1, 2012. Id. Plaintiff did not file an appeal with the West Virginia Supreme Court. Id.

On August 26, 2013, Plaintiff filed his Section 2254 Petition with the Northern District of West Virginia. Id. at * 1. As grounds for relief, Plaintiff asserted as follows: (1) Plaintiff's constitutional due process rights, equal protection rights, and privacy rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments were violated by the use of an intercepting devise used to record a call made by Plaintiff to the victim; (2) Plaintiff was denied his right to effective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments. Id. at * 2. By "Report and Recommendation" filed on March 27, 2014, United States Magistrate Judge Kaull's recommended that Petitioner's Section 2254 Petition be dismissed without prejudice based upon his failure to exhaust. Id. at * 3 – 4. By Memorandum Opinion and Order entered on April 16, 2014, United States District Judge John Preston Bailey adopted Judge Kaull's recommendation and dismissed Plaintiff's Section 2254 Petition without prejudice. Id. at * 1.

**2.     Federal Conviction:**

On February 28, 2007, Petitioner was convicted in the United States District Court for the Northern District of West Virginia of one count of traveling in interstate commerce to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b) (Count One), and one count of transporting a minor in interstate commerce with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) (Count Two). (Document No. 8-1, pp. 5 – 6.) On August 6, 2007, the District Court sentenced Plaintiff to a 87-month term of imprisonment on each count to run concurrently, to be followed by a five-year term of supervised release. (Id., p. 6.) On August 8, 2007, Plaintiff filed an appeal with the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed Plaintiff's conviction and sentence on August 1, 2008. United States v. Vance, 290 Fed.Appx. 532 (4th Cir. 2008).

On August 28, 2009, Plaintiff filed in the Northern District of West Virginia his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Vance v. United States, 2010 WL 3244875, * 1 (N.D.W.Va. June 25, 2010). As grounds for *habeas* relief, Plaintiff asserted as follows: (1) Ineffective assistance of counsel based upon counsel's failure to cross-examine the victim adequately, introduce and exclude certain evidence, impeach the government witness, pursue certain defense strategies, call certain witnesses to testify in violation of the Plaintiff's Fifth Amendment rights, and appeal the denial of bond; (2) Ineffective assistance of appeal counsel based upon counsel's failure to file an Anders brief without Plaintiff's knowledge or consent, and inform Plaintiff of his right to a rehearing before the Fourth Circuit; and (3) Multiple instance of various types of prosecutorial misconduct, including intimidating witnesses. Id. The United States filed its Response on

October 6, 2009. Id. By Report and Recommendation entered on June 25, 2010, United States Magistrate Judge James E. Seibert recommended that Plaintiff's Section 2255 Motion be denied. Id. at * 8. By Memorandum Opinion and Order entered on August 16, 2010, United States District Judge John Preston Bailey adopted Judge Seibert's recommendation and denied Plaintiff's Section 2255 Motion. Vance v. United States, 2010 WL 3270107 (N.D.W.Va. Aug. 16, 2010).

On January 21, 2014, Plaintiff filed in the Northern District of West Virginia his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Vance v. United States, 2014 WL 1806768, * 2 (N.D.W.Va. May 7, 2014). In support, Plaintiff argued that his case should be reopened and his conviction overturned because the prosecuting AUSA "broke the law." Id. Specifically, Plaintiff asserted the following grounds for relief: (1) The AUSA made false and misleading statements to the Court and jury; (2) Illegal wiretapping; and (3) Prosecutorial misconduct. Id. By "Report and Recommendation" filed on April 16, 2014, United States Magistrate Judge James E. Seibert recommended that Plaintiff's Section 2255 Motion be denied as second or successive. Id. at * 4. On May 7, 2014, United States District Judge John Preston Bailey entered his "Order Adopting Report and Recommendation" and dismissed Plaintiff's Section 2255 Motion. Id. at * 1.

3.  **Instant Section 1983 Action:**

On December 19, 2016, Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees and Cost (Document No. 1) and his Complaints (Document Nos. 2 and 3).[1]

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff named William Lightner as the Defendant. (Document Nos. 2 and 3.) Plaintiff alleges as follows:

> I, Jack E. Vance, claim that on September 2, 2005, Bail Bondsman William Lightner came to Harrisonburg, Virginia, to bring me, Jack E. Vance, back to West Virginia. The Bail Bondsman William Lightner put me in handcuffs then Bail Bondsman William Lightner took me to the Regional Jail in Randolph County, West Virginia. Bail Bondsman William Lightner was not licensed in the State of Virginia to extradite fugitives. In February 2016, I received a letter from the Commonwealth of Virginia Department of Criminal Justice Service. The said letter stated that Bail Bondsman William Lightner is not licensed in the State of Virginia.

(Id.) As relief, Plaintiff requests that the Court order Defendant to pay him the sum of Fourteen Million Dollars.[2] (Id.)

As Exhibits, Plaintiff attaches a copy of a letter addressed to Plaintiff from the Commonwealth of Virginia regarding his Freedom of Information Request regarding the licensure of William Lightner. (Document No. 2, p. 3.)

On March 17, 2017, Plaintiff filed an Amended Complaint correcting the name of the Defendant. (Document No. 8.) Specifically, Plaintiff amended his Complaint to "Lloyd William Lightner, Sr." as the Defendant. (Id.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous"

---

[2] Plaintiff has initiated three other civil actions with this Court asserting similar claims: (1) *Vance v. Pocahontas Sheriff Department*, Case No. 1:16-cv-10730; (2) *Vance v. West Virginia State Police*, Case No. 1:17-cv-1085; and (3) *Vance v. West Virginia State Police*, Case No. 1:16-cv-101725.

5

complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

6

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

In the instant case, Plaintiff alleges that Defendant improperly retrieved him from the Commonwealth of Virginia. Plaintiff states that even though Defendant was a licensed bondsman in West Virginia, Defendant was not a licensed bondsman in Virginia. As stated above Section 1983 liability attaches only to conduct occurring under color of State law. Conduct constituting State action under the Fourteenth Amendment satisfies this requirement. Lugar v. Edmondson Oil Co., 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct, however, constitutes State action only if it is "fairly attributable to the State." Id. at 937, 102 S.Ct. 2744; see also Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a State actor." Lugar, 457 U.S. at

937, 102 S.Ct. 2744. A person may fairly be said to be a State actor "because he is a State official, because he has acted together with or has obtained significant aid from State officials, or because his conduct is otherwise chargeable to the State." Id. The Fourth Circuit has recognized that under certain circumstances bail bondsmen may be held liable under Section 1983 for violating an individual's constitutional rights. Jackson v. Pantazes, 810 F.2d 426 (4th Cir. 1987)(finding a private bail bondsman, who worked with a police officer to gain access to a private individual's residence, to be a state actor). Bail bondsmen are subject to liability for these actions insofar as they exercise powers conferred by state law and act in concert with state officials. Id. at 428-29(citing Lugar, 457 U.S. at 937); also see Gregg v. Ham, 678 F.3d. 333, 344, fn. 3 (4th Cir. 2012)(citing Jackson, 810 F.2d at 429-30("[W]e have held that a bail bondman executing a search for a fugitive with the assistance of a police officer is a state actor and therefore subject to § 1983 liability."). The facts of the instant case, however, are distinguishable from Jackson. There is no allegation or indication that Defendant was acting in joint activity with West Virginia police officers when Plaintiff was retrieved from the Commonwealth of Virginia. Further, even though Defendant was a licensed bondsman in West Virginia, there is no indication that Defendant was exercising such authority as granted by the State of West Virginia when Plaintiff was retrieved from the Commonwealth of Virginia. At the time Plaintiff was retrieved from Virginia, it appears that Defendant was acting as a private citizen operating a business enterprise. Therefore, Defendant's alleged misconduct of retrieving Plaintiff from Virginia without being properly licensed does not constitute private conduct "fairly attributable to the State" under the Lugar test. Thus, the Defendant is not a State actor, and therefore Plaintiff's claim against him does not fall under Section 1983.

To the extent Plaintiff may be attempting to assert some type of tort claim under West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has original jurisdiction.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaints (Document Nos. 2, 3, and 8) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155

(1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 13, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge